UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN BROAD *dba* BROAD CAR SALES & SERVICE, | ) ) ) | CASE NO.  5:11CV2422 |
| | ) | |
| Plaintiff, | ) ) | JUDGE SARA LIOI |
| v. | ) ) | Magistrate Judge George J. Limbert |
| | ) | |
| NORTH POINTE INSURANCE, CO., | ) ) | Interim Report and Recommendation |
| | ) ) | |
| Defendant. | ) | |

This matter is before the Court upon the answer and motion to dismiss filed by Third-party Defendant, Todd Tucker ("Tucker"), acting *pro se*, on February 27, 2012.  ECF Dkt. #14. Defendant, North Pointe Insurance Co. ("North Pointe"), who filed the third-party complaint against Tucker, filed an opposition brief on March 15, 2012.  ECF Dkt. #19.  No reply brief was filed.

In his answer and motion to dismiss, Tucker writes, "There is a defect in naming Todd A. Tucker in this action because  he does not know the purpose of the action and does not have personal knowledge of the events in which Plaintiff alleges a claim."  Dkt. #14 at 1.  Tucker seeks dismissal under Federal Rule of Civil Procedure 12(b)(6), which requires an assessment of whether the party asserting a claim has set forth a claim upon which this Court can grant relief.

When conducting a Rule 12(b)(6) analysis, the Court must construe the pleading in favor of the party asserting the claim, accept the factual allegations contained in that party's pleading as true, and determine whether the factual allegations present a plausible claim.  See *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007). The Supreme Court has explained, however, that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).  Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  Consequently, "[d]etermining whether a complaint states a plausible claim for relief

will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

To be considered plausible, a claim must be more than merely conceivable. *Bell Atlantic Corp.*, 550 U.S. at 556; *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir.2007).  What this means is that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.  The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level ...." *Twombly*, 550 U.S. at 555. See also *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir.2008).

In the complaint, Plaintiff, John Broad, dba Broad Car Sales & Service, seeks a judgment against North Pointe for breach of contract, breach of fiduciary duty, and bad faith, relating to the denial of a claim for fire damage to the car dealership under an insurance policy issued by North Pointe.  ECF Dkt. #1.  North Pointe filed  its answer to the complaint on December 9, 2011, as well as a third-party complaint against Tucker.  ECF Dkt. #5 & 6.  In the third-party complaint, North Pointe contends that the fire was intentionally set by Tucker, and, therefore, North Pointe is entitled to indemnification and/or contribution in the event that damages are awarded in this case.  ECF Dkt. #5 at ¶3 ("The fire and damages alleged in Plaintiff's Complaint were directly and proximately caused by the acts or actions of Third-Party Defendant Todd Tucker.")

Although the third-party complaint is brief, it alleges Tucker's involvement in the fire at the car dealership.  Accepting that factual allegation as true, the third-party complaint asserts a plausible claim.  Accordingly, the undersigned recommends that the Court deny Tucker's Motion to Dismiss.


DATE: April 2, 2012


                      ___*/s/George J. Limbert*_____
                      GEORGE J. LIMBERT
                      UNITED STATES MAGISTRATE JUDGE


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. L.R. 72.3(b).